UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

N° 08-CV-1245 (JFB) (AKT)

———————————

GERALDO CRUZ,

Plaintiff,

VERSUS

DET. THOMAS E. REILLY, CHARLES L. ROSS, AND 2 UNNAMED OFFICERS,

Defendants.

———————————

**MEMORANDUM AND ORDER**
August 18, 2009

———————————

JOSEPH F. BIANCO, District Judge:

Plaintiff Geraldo Cruz ("plaintiff" or "Cruz") brought the instant action *pro se*, pursuant to 42 U.S.C. § 1983 ("Section 1983"), against defendants Detective Thomas E. Reilly, Police Officer Charles L. Ross, and two unnamed officers, all members of the Suffolk County Police Department (collectively, "defendants"), seeking damages for the alleged violation of his civil rights by defendants. Specifically, plaintiff claims that defendants conspired, tampered with evidence, and committed perjury during a criminal trial in Suffolk County Court in February 2008. At the close of that trial, plaintiff was convicted of the crime of burglary in the second degree, in violation of New York Penal Law § 140.25.

The defendants now move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants defendants' motion in its entirety and dismisses the complaint without prejudice.

I. FACTS

The following facts are taken from the complaint ("Compl."), as well as several pages of state court records printed from the New York State Unified Court System website and attached to the defendants' moving papers.[1]

---

[1] The Court takes judicial notice of the state court documentation submitted by defendants. *See, e.g.*, *Century 21 Real Estate LLC v. Raritan Bay Realty, Ltd.*, No. 07 Civ. 1455 (CPS), 2008 WL 4190955, at *10 n.6 (E.D.N.Y. Sept. 3, 2008) (taking judicial

These facts are not findings of fact by the Court, but rather are assumed to be true for the purpose of deciding this motion and are construed in a light most favorable to plaintiff, the non-moving party.

On February 22, 2008, plaintiff was convicted of the crime of burglary in the second degree, a violation of New York Penal Law § 140.25 and a class C felony, following a trial in Supreme Court, State of New York, County of Suffolk. (*See* Pl.'s Exh. B.)

In his complaint, plaintiff alleges that during the trial on February 19-22, 2008, the defendants engaged in perjury, evidence tampering, and conspiracy. (Compl., Pt. IV.) As a result of defendants' alleged actions, plaintiff further claims that he suffered from "mental and emotional duress, false incarceration, due to pejured [sic] testimony. Slande [sic] and defemation [sic] of character." (Compl., Pt. IV. A.)

II. PROCEDURAL HISTORY

Cruz filed this action on March 25, 2008. On March 5, 2009, defendants filed a letter motion to dismiss, and on March 20, 2009, the Court ordered formal briefing of the motion during a telephone conference call held with the parties. On April 16, 2009, defendants filed a formal motion to dismiss.

---

notice of the records of the New York State Unified Court System that are available to the public on its Internet website); *Trustees of Plumbers Local Union No. 1 Welfare Fund, Additional Sec. Ben. Fund, Vacation & Holiday Fund, Trade Educ. Fund and 401(K) Savings Plan v. Dan Yant, Inc.*, No. 06 Civ. 173 (SJ) (JO), 2007 WL 3036759, at *9 (E.D.N.Y. Oct. 16, 2007) (same).

On May 19, 2009, the Court received a letter written in Spanish from plaintiff, presumably as his opposition to defendants' pending motion, which defendants then requested that the Court disregard. On May 26, 2009, the Court ordered that plaintiff re-submit his opposition letter in English, in light of his having made prior submissions to the Court in English, including the complaint. Plaintiff's opposition was filed, in English, on June 17, 2009.

III. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). The plaintiff must satisfy "a flexible 'plausibility standard.'" *Iqbal v. Hasty*, 490 F.3d 143, 157 (2d Cir. 2007), *rev'd on other grounds sub nom. Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The Supreme Court recently clarified the appropriate pleading standard in *Ashcroft v. Iqbal,* setting forth a two-pronged approach for courts deciding a motion to dismiss. *See* 129 S.Ct. at 1937. The Court instructed district courts to first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at

1950. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Second, if a complaint contains "well-pleaded factual allegations[,] a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 1949 (quoting and citing *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

Moreover, as the Second Circuit recently emphasized in *Sealed Plaintiff v. Sealed Defendant*, "[o]n occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally . . . . This obligation entails, at the very least, a permissive application of the rules governing the form of pleadings . . . . This is particularly so when the *pro se* plaintiff alleges that [his] civil rights have been violated. Accordingly, the dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." 537 F.3d 185, 191 (2d Cir. 2008) (citations and quotation marks omitted); *see Sharpe v. Conole*, 386 F.3d 483, 484 (2d Cir. 2004); *see also Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 145-46 (2d Cir. 2002) (holding that when a plaintiff is appearing *pro se*, the Court shall "'construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'") (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (alterations in original)).

IV. DISCUSSION

As noted *supra*, plaintiff asserts claims pursuant to Section 1983. Under Section 1983, a plaintiff must show: (1) the deprivation of any rights, privileges or immunities secured by the Constitution and federal law, (2) by a person acting under the color of state law. 42 U.S.C. § 1983. Section 1983 does not itself provide substantive rights, but in fact offers "a method for vindicating federal rights elsewhere conferred." *Patterson*, 375 F.3d at 225 (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) ("Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere.") (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

Because plaintiff does not specify any specific causes of action, the Court liberally construes the complaint to assert claims under Section 1983 for malicious prosecution, conspiracy, and a violation of his right to a fair trial.[2] As the Court sets forth below, after

---

[2] Because plaintiff's allegations are confined to actions taken by defendants *during trial*, the Court does not construe the complaint to assert a claim for false arrest/imprisonment. Indeed, a cause of action for false arrest accrues at the time of detention and any damages attributable to actions thereafter are based on the tort of malicious prosecution. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007) (holding that claim for false arrest or false imprisonment ends once victim becomes held pursuant to process, and thereafter unlawful detention forms part of the damages for the entirely distinct tort of malicious prosecution)*; accord Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006). In any event, to the extent that plaintiff is

3

attempting to assert a false arrest/imprisonment claim, such claim would be barred by his conviction under *Heck v. Humphrey*, 512 U.S. 477 (1994). *See, e.g.*, *Cameron v. Fogarty*, 806 F.2d 380, 388 (2d Cir. 1986), *cert. denied*, 481 U.S. 1016 (1987). The Court further notes that any claim for conspiracy is more properly brought pursuant to 42 U.S.C. § 1985. *See Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003) ("The plaintiffs' claim under 42 U.S.C. § 1983, which is styled "Conspiracy to Violate Civil Rights," should actually be stated as a claim under Section 1985, which applies specifically to conspiracies."). As discussed *infra*, however, the conspiracy claims are subject to *Heck* in this case, regardless of whether they are brought pursuant to 42 U.S.C. §§ 1983, 1985, or 1986. Finally, it is an open question whether plaintiff could assert a separate fair trial violation for the alleged actions of evidence tampering, as distinct from the malicious prosecution claim. *See generally Schiller v. City of N.Y.*, 2008 WL 200021, at *9 (S.D.N.Y. Jan. 23, 2008) (discussing the doctrinal ambiguity in current Second Circuit law); *Richardson v. City of N.Y.*, No. 02 CV 3651, 2006 WL 2792768, at *6-7 (E.D.N.Y. Sept. 27, 2006) (same). Because the Second Circuit has permitted parallel claims for malicious prosecution and denial of a fair trial to proceed based on the same alleged fabrication of evidence by police officers, and because the existence of probable cause may be a complete defense to one constitutional tort but not the other, the Court liberally construes the complaint here to allege both as well. *See Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 129-30 (2d Cir. 1997); *see also Perez v. Cuomo*, No. 09 Civ. 1109 (SLT), 2009 WL 1046137, at *7 (E.D.N.Y. Apr. 17, 2009) (analyzing both a malicious prosecution claim and fair trial claim based on alleged fabrication of evidence); *Douglas v. City of N.Y.*, 595 F. Supp. 2d 333, 341-47 (S.D.N.Y. 2009) (same); *Schiller*, 2008 WL 200021, at *9 (permitting plaintiff to bring both claims); *Jovanovic v. City of N.Y.*, No. 04 Civ. 8437, 2006 WL 2411541, at *13 (S.D.N.Y. Aug. 17, 2006) ("[Claims have been permitted by the Second Circuit for] malicious prosecution and denial of a fair trial based on the same fabrication of evidence . . . . As these causes of action seem to coexist, [p]laintiff may legitimately bring both.") (citing *Ricciuti*, 124 F.3d at 130-31)*; Taylor v. City of N.Y.*, No. 03 Civ. 6477 (RLC), 2006 WL 1699606, at *4-5 (S.D.N.Y. June 21, 2006) (permitting both malicious prosecution claim and right to fair trial claim to survive summary judgment based on alleged false information provided by officers); *cf. Henry v. City of N.Y.*, No. 02 Civ. 4824 (JSM), 2003 WL 22077469, at *4 (S.D.N.Y. Sept. 8, 2003) ("[W]hile there is no constitutional right to be free from having evidence fabricated against an individual, the offense rises to a constitutional violation if one is deprived of his liberty because of the fabrication.") (citing *Zahrey v. Coffey*, 221 F.3d 342, 348 (2d Cir. 2000)).

carefully reviewing the complaint and liberally construing it in Cruz's favor, the Court agrees with defendants that plaintiff's claims fail as a matter of law, by virtue of his conviction. Specifically, the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), entitles defendants to a decision in their favor as a matter of law with respect to these claims.[3]

[3] In addition, the Court finds plaintiff's pleadings insufficient to withstand dismissal pursuant to Rule 8 of the Federal Rules of Civil Procedure. Pursuant to Rule 8, pleadings are to give "fair notice of what the plaintiff's claim is and the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson,* 335 U.S. 41, 47 (1957), *overruled in part on other grounds by Bell Atl. Corp.*, 550 U.S. at 547). When a complaint fails to comply with the Rule 8 pleading standard, the district court may dismiss it upon a motion or *sua sponte*. *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). Here, plaintiff's complaint falls far short of giving fair notice of his claim as required under Rule 8. There are no factual allegations whatsoever contained in the complaint to support the conclusory allegations

4

## A. The *Heck* Rule

In *Heck v. Humphrey*, the Supreme Court "confronted the question of whether, given the overlap between § 1983 and the federal habeas corpus statute, a prisoner seeking civil damages may proceed with a § 1983 claim where success on the claim necessarily would implicate the unconstitutionality of the prisoner's conviction or sentence." *Amaker v. Weiner*, 179 F.3d 48, 51 (2d Cir. 1999) (citing *Heck*, 512 U.S. at 477). The Supreme Court in that case explained:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486-87 (footnote omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) ("*Heck* specifies that a prisoner cannot use § 1983 to obtain damages where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence.").

Thus, pursuant to *Heck*, courts routinely dismiss claims of, *inter alia*, malicious prosecution, conspiracy, and deprivation of the right to a fair trial brought under Section 1983 when such claims bear on the validity of an underlying conviction or sentence. *See, e.g., Guerrero v. Gates*, 442 F.3d 697, 704 (9th Cir. 2006) (holding that *Heck* bars plaintiff's § 1983 claims of wrongful arrest, malicious prosecution, and conspiracy); *Amaker*, 179 F.3d at 51-52 (holding that *Heck* applies to Section 1983 conspiracy); *Perez v. Cuomo*, No. 09 Civ. 1109 (SLT), 2009 WL 1046137, at *7 (E.D.N.Y. Apr. 17, 2009) ("A § 1983 claim for the violation of the due process right to a fair

---

of perjury, tampering with evidence, and conspiracy, and thus defendants do not have adequate notice of plaintiff's claims. Regardless of the omitted substance of plaintiff's allegations, however, it is apparent that his Section 1983 claims are subject to the limitations in *Heck*, as discussed *infra*. Thus, plaintiff's complaint is dismissed without prejudice to being re-filed (1) after plaintiff has successfully challenged his state court conviction, as required by *Heck*, and (2) in accordance with the pleading requirements of Rule 8.

trial is, in essence, a claim for damages attributable to an unconstitutional conviction . . . . Since plaintiff's conviction remains valid, plaintiff's claim for violation of his right to a fair trial is not cognizable under § 1983, and must be dismissed as to all defendants[.]") (internal quotation marks and citations omitted); *Younger v. City of N.Y.*, 480 F. Supp. 2d 723, 730 (S.D.N.Y. 2007) (holding that plaintiff's claims for false arrest/imprisonment and malicious prosecution were barred by his plea of guilty pursuant to *Heck*); *cf. Jovanovic v. City of N.Y.*, No. 04 Civ. 8437, 2006 WL 2411541, at *12 (S.D.N.Y. Aug. 17, 2006) (applying *Heck* to a Section 1983 claim for denial of the right to a fair trial in the context of a statute of limitations issue).

### B. Application

Here, at stated *supra*, Cruz was convicted after a trial in state court of one count of burglary in the second degree on February 22, 2008. It is apparent from the state court documentation regarding plaintiff's conviction and confinement, however, that Cruz has been unsuccessful in challenging his conviction or has not even attempted to do so. Under these circumstances, the Supreme Court's holding in *Heck* precludes plaintiff from bringing claims in this Court under Section 1983 for malicious prosecution, conspiracy, and the denial of his right to a fair trial in connection with that conviction, since a successful result in this case on any one of those claims would bear on the validity of that underlying conviction.

Indeed, *Heck*'s application to the instant matter is straightforward. The entirety of plaintiff's bare-bones complaint states the following:

> Tampering with evidence, perjury, during trial, conspiracy at trial, Feb. 19, 20, 21 and 22 of 2008 at 9:30 a.m. in Suffolk County Court in from [sic] of Honorable Judge Gazillo. Charles L Ros, and the 2 officer, Reilly & Thomas E. Det. It is to my belief that the three defendants listed above are guilty of my complaints listed.

(Compl., Pt. IV.) Although it is true that not all claims brought under Section 1983 necessarily implicate the validity of the underlying conviction, in this case, plaintiff's bald assertions of evidence tampering, perjury, and conspiracy during trial by the defendant police officers do necessarily implicate the validity of his burglary conviction and are thus barred by the *Heck* rule. *See, e.g.*, *Channer v. Mitchell*, 43 F.3d 786, 787-88 (2d Cir. 1994) (per curiam) (affirming *Heck*-based dismissal of claim that police officers committed perjury and coerced witnesses to identify plaintiff wrongfully); *Smithart v. Towery*, 79 F.3d 951, 952-53 (9th Cir. 1996) (per curiam) (affirming *Heck*-based dismissal of § 1983 claim of conspiracy to "bring unfounded criminal charges" against plaintiff); *Williams v. Schario*, 93 F.3d 527, 529 (8th Cir. 1996) ("[A] judgment in Williams's favor on his damages claim that defendants engaged in malicious prosecution and presented perjured testimony would 'necessarily imply the invalidity of his conviction or sentence'") (quoting *Heck*, 512 U.S. at 487); *Jasper v. Fourth Court of Appeals*, No. 08 Civ. 7472 (LAP), 2009 WL 1383529, at *1 (S.D.N.Y. May 18, 2009) ("The Court liberally construes this complaint as asserting that plaintiff was denied his constitutional right to a fair trial. However . . . [s]ince plaintiff's conviction remains valid,

plaintiff's fair trial claim is not cognizable under § 1983, and it must be dismissed as to all defendants[.]"); *Perez v. Cuomo*, No. 09 Civ. 1109 (SLT), 2009 WL 1046137, at *7 (E.D.N.Y. Apr. 17, 2009) ("A § 1983 claim for the violation of the due process right to a fair trial is, in essence, a claim for damages attributable to an unconstitutional conviction . . . . Since plaintiff's conviction remains valid, plaintiff's claim for violation of his right to a fair trial is not cognizable under § 1983, and must be dismissed as to all defendants[.]") (internal quotation marks and citations omitted); *Fernandez v. Holzbach*, No. 3:04 Civ. 1664 (RNC), 2007 WL 1467182, at *1 (D. Conn. May 15, 2007) (holding that plaintiff's allegations that his convictions were based on perjury and fabricated evidence pursuant to a conspiracy to violate his federal rights "necessarily impl[ied] that he was wrongly convicted" and could not be litigated "until he shows that the convictions have been invalidated"); *Duamutef v. Morris*, 956 F. Supp. 1112, 1115-16 (S.D.N.Y. 1997) (dismissing § 1983 claims for, *inter alia*, malicious prosecution, false arrest, and perjury during trial due to a failure to state a claim under *Heck* because of the valid underlying criminal conviction). Thus, in order to bring a cognizable Section 1983 claim in this Court for the harms alleged, plaintiff must first establish the invalidity of his state court conviction.

This result, as required by *Heck,* is consistent with the common law principles underlying plaintiff's claim for malicious prosecution. Indeed, the Supreme Court in *Heck* applied the favorable termination doctrine required to prevail in a lawsuit for malicious prosecution to all § 1983 damages actions that would implicate the legality of the challenged conviction, if successful. *See* 577 U.S. at 486 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution."); *Dill v. Vill. of Gowanda*, 952 F. Supp. 989, 994 (W.D.N.Y. 1997) ("The holding in *Heck* dovetails with established law in the Second Circuit, which also incorporates common law rules into Section 1983 analysis to hold that a valid conviction will bar a Section 1983 plaintiff from asserting federal claims for false arrest, false imprisonment, or malicious prosecution.") (internal citations and quotation marks omitted). Because an element of a claim for malicious prosecution is the termination of the proceeding in plaintiff's favor, *see, e.g.*, *Russell v. Smith*, 68 F.3d 33, 36 (2d Cir. 1995), plaintiff's Section 1983 claim for malicious prosecution is necessarily barred because the subject prosecution was not terminated in a manner favorable to him. *See, e.g., Hygh v. Jacobs*, 961 F .2d 359, 367 (2d Cir. 1992) ("A plaintiff alleging the constitutional tort of malicious prosecution in an action pursuant to § 1983 must establish termination of the prosecution in his favor," which is accomplished "only when their final disposition is such as to indicate the accused is not guilty."); *Rivera v. City of Yonkers,* 470 F. Supp. 2d 402, 408 (S.D.N.Y. 2007) (dismissing plaintiff's false imprisonment/arrest and malicious prosecution claims pursuant to § 1983 because under *Heck*, "a conviction for a crime cannot be considered a termination in favor of the accused"); *Smith v. P.O. Canine Dog Chas*, No. 02 6240 (KMW) (DF), 2004 WL 2202564, at *6 (S.D.N.Y. Sept. 28, 2004) (stating that plaintiff's conviction bars any claim under Section 1983 for false arrest, false imprisonment, and malicious prosecution, and

collecting cases).

With respect to plaintiff's claims for conspiracy, those claims also fail under the rule announced in *Heck* even if they were brought pursuant to 42 U.S.C. §§ 1985 and/or 1986. *See Amaker*, 179 F.3d at 52 (holding that "*Heck* . . . applies with respect not only to plaintiff's § 1983 claim but also to his §§ 1981, 1985(3) and 1986 claims" because the existence of a conspiracy would necessarily question the validity of plaintiff's conviction); *see also McNeill v. N.Y.*, 06 Civ. 4843, 2006 U.S. Dist. LEXIS 77085, at *9, (E.D.N.Y. Oct. 19, 2006), *aff'd*, 2007 U.S. App. LEXIS 22717 (2d Cir. Sept. 25, 2007) ("*Heck* applies to plaintiff's conspiracy claims under § 1985(3) as well."); *Smith v. Fields*, No. 95 Civ. 8374 (DAB), 1998 WL 709815, at *4 (S.D.N.Y. Oct. 9, 1998) ("Plaintiff's allegations of unlawful collection and presentation of evidence go to the heart of the constitutionality of his criminal conviction . . . . To allow Plaintiff to go forward with his § 1985(3) and § 1986 actions would, therefore, necessarily imply the invalidity of Plaintiff's conviction.") (internal citation omitted); *Candelaria v. Greifinger*, No. 96 Civ. 0017 (RSP), 1997 WL 642464, at *2 (N.D.N.Y. Oct. 14, 1997) (holding that *Heck* applies to claims under Section 1985); *Duamutef v. Morris*, 956 F. Supp. 1112, 1117-18 (S.D.N.Y. 1997) (same).

Furthermore, any Section 1985 conspiracy claims against these particular defendants are also barred by the intracorporate conspiracy doctrine, which posits that officers, agents and employees of a single corporate or municipal entity, each acting within the scope of his employment, are legally incapable of conspiring together. *See, e.g.*, *Herrmann v. Moore*, 576 F.2d 453, 459 (2d Cir. 1978) ("[T]here is no conspiracy [under Section 1985] if the conspiratorial conduct challenged is essentially a single act by a single corporation acting exclusively through its own . . . officers[] and employees, each acting within the scope of his employment."). In this case, the individual defendants are employees of a single municipal entity, the Suffolk County Police Department, and the intracorporate conspiracy doctrine is therefore applicable. Here, plaintiff also does not allege that the individual defendants were acting outside of the scope of their employment. In order to show that defendants acted outside the scope of their employment, plaintiff must show that defendants were "acting in their personal interests, wholly and separately from the corporation" or municipal entity. *Bhatia v. Yale Univ.*, No. 06 Civ. 1769, 2007 U.S. Dist. LEXIS 73849, at *4-5 (D. Conn. Sept. 30, 2007) (citing *Tardd v. Brookhaven Nat'l Lab*, 407 F. Supp. 2d 404, 414 (E.D.N.Y. 2006)); *see also Little v. City of N.Y.*, 487 F. Supp. 2d 426, 442 (S.D.N.Y. 2007) (dismissing conspiracy claims under Sections 1983 and 1985 under intracorporate conspiracy doctrine where plaintiff "does not provide any evidence to suggest that [defendants] were motivated by an independent personal stake in his arrest and prosecution"). The Court has carefully reviewed the complaint and finds that plaintiff has failed to allege that defendants were acting solely in their personal interests, separate and apart from their duties as police officers. Thus, the Court dismisses the potential Section 1985 claims of conspiracy on the additional grounds of the intracorporate conspiracy doctrine. Moreover, if no actionable conspiracy exists with respect to the defendants in this case, plaintiff's potential Section 1986 claims also fail as a matter of law. *See Dwares v. N.Y.*, 985 F.2d 94, 101 (2d Cir. 1993) ("Liability under § 1986 . . . is dependent on the validity of a claim

8

under § 1985.") (citing *Dacey v. Dorsey*, 568 F.2d 275, 277 (2d Cir. 1978)); *see also Posr v. Court Officer Shield # 207*, 180 F.3d 409, 419 (2d Cir. 1999) (affirming dismissal of Section 1986 claim where district court also dismissed Section 1985 claim).

Finally, vague and conclusory allegations that defendants have engaged in a conspiracy to violate plaintiff's constitutional rights must be dismissed. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) (dismissing conspiracy allegations where they were found "strictly conclusory"); *see also Walker v. Jastremski*, 430 F.3d 560, 564 n.5 (2d Cir. 2005) ("[C]onclusory or general allegations are insufficient to state a claim for conspiracy under § 1983.") (citing *Ciambriello*); *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss."); *Green v. Bartek*, No. 3:05 Civ. 1851, 2007 WL 4322780, at *3 (D. Conn. Dec. 7, 2007) ("The Second Circuit has consistently held that a claim of conspiracy to violate civil rights requires more than general allegations."). In this case, plaintiff makes only the conclusory allegation that defendants conspired during the trial, and the complaint is void of any factual assertions to support this claim. Thus, the conspiracy claim is also dismissed on this ground. For all of these aforementioned reasons, plaintiff's conspiracy claims under Sections 1983, 1985, and/or 1986 do not survive dismissal.

Moreover, even assuming that certain pleading defects could be remedied in an amended complaint, the *Heck* rule bars plaintiff's claims until the underlying conviction is invalidated, and thus providing the plaintiff with an opportunity to amend the complaint is futile until such time that the state court conviction is reversed, invalidated by a federal writ of *habeas corpus*, or otherwise expunged or declared invalid. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] cause[] of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *see also Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999) (holding that if a plaintiff cannot demonstrate he is able to amend his complaint "in a manner which would survive dismissal, opportunity to replead is rightfully denied"). However, under these circumstances, the dismissal is without prejudice.

In sum, even accepting plaintiff's allegations as true and drawing all reasonable inferences in plaintiff's favor, the Court finds that plaintiff fails to state a claim upon which relief can be granted. Specifically, the Court concludes that the *Heck* rule, as a matter of law, prevents plaintiff from bringing claims for malicious prosecution, conspiracy, and violations of his right to a fair trial pursuant to Section 1983, or any potential claims under Sections 1985 and/or 1986.

V. CONCLUSION

For the foregoing reasons, the Court grants defendants' motion to dismiss the complaint without prejudice pursuant to 12(b)(6) of the Federal Rules of Civil Procedure.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the

purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: August 18, 2009
　　　　Central Islip, New York

\* \* \*

Plaintiff appears *pro se*. Defendants are represented by Arlene S. Zwilling, Esq., Office of the Suffolk County Attorney, P.O. Box 6100, H. Lee Dennison Building – Fifth Floor, 100 Veterans Memorial Highway, Hauppauge, New York 11788.